# SUPREME COURT.

## James Pollock agt. Henry Cronise.

An absolute grant and conveyance of land, carries with it to the grantee the
right to the *rents* payable under a previous agreement, for an *easement* upon
the premises, (the privilege of damming and flowing water over a portion of
the premises for mill purposes,) made by the grantor with a third person.

And this is so, notwithstanding an exception or reservation in the deed as fol-
lows: "Excepting and reserving the right to flow the land above described,
as the same was granted and conveyed by the party of the first part to Henry
Cronise, and as the same is now used and occupied by the said Henry Cro-
nise." This provision is not valid either as an *exception* or *reservation ;* the
most that can be made of it is, to show that the grantee took the title subject
to the easement made under the previous agreement. It by no means enabled
the grantor to collect and receive the rents for the easement as his own.

*Wayne Circuit, April,* 1853.

*Before* Welles, *Justice.* Trial by the court—jury waived
by the parties.

The following facts were established on the trial :—

On the 3d day of January, 1839, the plaintiff and the de-
fendant entered into and executed, under their respective hands
and seals, an agreement or instrument in writing, by which the
plaintiff, in consideration of ten dollars to him in hand paid by
the defendant, and also in consideration of the yearly rents and
sums of money, covenants, conditions and agreements therein-
after mentioned, reserved and contained to be paid, kept, done
and performed by the defendant, his heirs and assigns, did, for
himself, his heirs and assigns, *lease* and *grant* unto the defend-
ant, and to his heirs and assigns, forever, (subject nevertheless
to the terms and conditions therein contained,) the full right
and privilege of keeping up and maintaining, at all times, his
[then] present saw-mill dam, or any other dam or dams which
might be built where the [then] present one was, to the height
of the [then] present dam, [and no higher,] which said dam
was situate on lot number twenty-eight, [north of mud-creek,]

in township number twelve, in the first range of townships in
the town of Arcadia, in the county of Wayne, and was built
across Flat Brook, as it was called, on what was called the
Batty farm; and the full right and privilege of keeping the wa-
ter in the pond raised by the said dam to the same height the
[then] present dam raised it, and of backing up and overflow-
ing with water, the land of the said plaintiff, situate above the
dam, to the same height and extent, and in the same manner as
the [then] present dam did, and not otherwise, upon the pay-
ment of the annual rents or sums of money, and the perform-
ance of the covenants and conditions thereinafter mentioned and
contained, &c.

And by the said agreement, or instrument in writing, the de-
fendant covenanted and agreed with the plaintiff, that he, the said
defendant, his heirs and assigns, would pay annually, each and
every year thereafter, so long as the said agreement should re-
main in force, unto the plaintiff, his heirs and assigns, the yearly
rent or sum of forty dollars for each year during the term of
two years from the date of said agreement, and after that the
sum of twenty-five dollars per year so long as said agreement
should remain in force, in the manner thereinafter mentioned,
which was provided in said agreement to be paid in sawing
lumber at the rate of 31 1-4 cents per one hundred feet, the
timber for sawing to be delivered at said saw-mill by the plain-
tiff, &c.

And it was in and by the said agreement mutually covenanted
by the said parties, that the same, and everything therein con-
tained, should be and continue in full force, operation and effect,
and be obligatory on both of them, and upon their heirs and
assigns respectively, until the defendant, or his heirs or assigns,
should have taken away and removed the said mill-dam, so as
to lower and reduce the waters in said Flat Brook to the ordi-
nary and common level thereof, as they were before the erec-
tion of the said dam, and should have given to the said plain-
tiff, or to his heirs or assigns, notice thereof in writing, stating
and declaring that the said mill-dam would not be rebuilt, and
thereby releasing all right, title, claim and demand whatsoever

under or by virtue of the said agreement or instrument in writing, or any of the covenants or agreements therein contained, to be executed and acknowledged in such manner as to entitle the same to be recorded; and that thereupon and thenceforth the said agreement, or instrument in writing, and all covenants and agreements therein contained, should determine and cease.

On the 26th day of February, 1847, the plaintiff sold, to one Alfred Harris, his farm, which lay adjoining the farm of the defendant, upon which the said saw-mill and dam were situated, and over and through which farm of the plaintiff the said Flat Brook run, to and upon and over the said farm of the defendant, and which said farm, so sold by the plaintiff to said Alfred Harris, embraced the land overflowed by the said dam; and on the same day the said plaintiff and his wife duly executed and delivered to the said Harris a deed for the same, with covenants of seizin, against incumbrances and for quiet enjoyment. The said deed, immediately after the description of the premises conveyed, contains the following clause:

"*Excepting and reserving the right to flow the land above described, as the same was granted and conveyed by the party of the first part to Henry Cronise, and as the same is now used and occupied by the said Henry Cronise.*"

The defendant had paid to the plaintiff the rent reserved in the agreement of January 3d, 1839, up to February 26th, 1847, the date of the deed from the plaintiff and wife to Harris, and refused to pay any rent to the plaintiff accruing after that time.

The action is brought to recover the rent accruing between the date last mentioned and the commencement of the action.

Upon the foregoing facts, the action was submitted.

O. H. PALMER, *for plaintiff.*
LYMAN SHERWOOD, *for defendant.*

WELLES, Justice. The effect of the conveyance by the plaintiff to Harris, was to vest in the latter the right to the rents in question. The provision in that conveyance, respecting the defendant's right to flow the land, is not valid either

as an exception or reservation. The utmost effect that can be given to it is to limit the description of the property intended to be conveyed; or to show that Harris took the title subject to the easement of the defendant, acquired by the instrument of January 3d, 1839, and thus to qualify the covenants in the deed.

It would be torturing language to interpret the clause in question as a reservation of the rent. It is the right to flow water upon the land conveyed which is attempted to be excepted or reserved, and not the rent. If the *rent* had been reserved, a very different question would have been presented. It is not good as an exception, because the plaintiff had no right to grant it, having previously parted with it by the agreement with the defendant, of the last-mentioned date.

In the *Touchstone* it is said that, "In every good exception these things must concur." Seven particulars are then specified, the fifth of which is as follows: "It must be of such a thing as he that doth except may have, and doth properly belong to him." (1 *Shepp. Touch., Chap.* 5, *pp.* 77, 78; *see also Cruise on Real Property, Tit. XXXII, Ch. XX.,* § 66, *Vol.* 4, *p.* 289.)

Neither is it good as a reservation, for the reasons that the thing reserved is not something growing or issuing out of the thing granted in the same deed; but had been previously granted by the agreement with the defendant referred to; and also, that the right reserved is to a stranger.

The *Touchstone* says, "In every good reservation these things must always concur: 1. It must be by apt words. 2. It must be of some other thing, issuing or coming out of the thing granted, and not a part of the thing itself, nor of something issuing out of another thing. 3. It must be of such a thing, whereunto the grantor may have resort to distrain. 4. It must be made to one of the grantors, and not to a stranger to the deed." (1 *Shepp. Touch., ch.* 5, *p.* 80.)

In *Hornbeck* agt. *Westbrook,* (9 *Johns. R.* 73,) it was held, that a reservation in a deed, to a person not a party to the

deed, was void. (*See, also, Cunningham* agt. *Knight,* 1 *Barb.*
*S. C. R.* 407.)

It follows, that the plaintiff, having granted the right to the
rents in question, is not entitled to recover them, and that there
should be judgment for the defendant.